## DRIGGERS v. FLORIDA GAME & FRESH WATER COMM., et al.

Circuit Court, Levy County, Civil Appeal.
June 25, 1952.

William W. Stalvey, Tallahassee, for appellant.

Lazonby, Dell, Graham & Mills, Gainesville, for appellee Game & Fresh Water Commission.

Wendell C. Heaton, Tallahassee, for appellee Industrial Commission.

JOHN A. H. MURPHREE, Circuit Judge.

This cause came on to be heard on appeal from an order of the full commission reversing a deputy commissioner who ruled in favor of the claimant.

Claimant before the accident had only 10% of normal vision in the eye in question, due to a childhood injury. With it he could distinguish light from darkness, recognize his wife at 10 to 15 feet, and make out the form of a moving automobile at a distance of 200 feet, so he testified. The eye was of no practical value from an industrial standpoint. It had to be enucleated as a result of the accident.

The commission ruled, in effect, that under these circumstances claimant had no eye to lose and, therefore, he could not be awarded compensation on the basis of the "loss of an eye" under section 440.15(3e), Florida Statutes 1951. Rather, compensation was awarded on the basis of actual vision lost.

While there is authority from other states to sustain the viewpoint of the commission, there is likewise respectable authority to support the contention of claimant and the ruling of the deputy commissioner. The intended liberal construction of the Act, if not the literal application of it, requires the adoption of the latter view. See 58 Am. Jur. 784, sec. 290, note 9; 142 A.L.R. 825, and earlier annotations cited.

It is therefore ordered that the order of the full commission in this cause be and the same is hereby reversed and the order of the deputy commissioner reinstated.